UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:     6:12-cv-436-Orl-18KRS

BARBARA G. ULLMAN,

       Plaintiff,

v.

RICHARD ARTHUR ULLMAN, KENNETH
DOUGLAS ULLMAN, JOHN M. MARTYN,
MARTYN B. O'CONNOR, and JENNIFER
ULLMAN ROYALL

       Defendants.

_____ /

## PLAINTIFF, BARBARA G. ULLMAN'S MOTION TO REMAND CASE TO STATE COURT WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, BARBARA G. ULLMAN, by and through her undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1447, hereby moves this Court for entry of an Order remanding this case to state court and awarding Plaintiff her costs and expenses related to the removal, and in support thereof states as follows:

1.      Due to several jurisdictional defects, the *Notice of Removal* [DE 1] filed by the Defendant, JENNIFER ULLMAN ROYALL, was improperly filed, and this case should be remanded to the state court.

2.      First, the *Notice of Removal* [DE 1] purports to be based solely on diversity of citizenship and the erroneous assertion that "there is complete diversity of citizenship between Plaintiff and Defendants." (*Notice of Removal* at ¶ 5.)   In fact, the citizenship of the parties to this action is as follows:

(a)    Plaintiff, BARBARA G. ULLMAN, is a citizen of Florida.  *See, generally, Declaration of Barbara G. Ullman* ("B. Ullman Decl."), *Declaration of Ferdinand Brits* ("Brits Decl.") and *Declaration of Kelli A. Skorman* ("Skorman Decl.") filed herewith.

(b)    Defendant, RICHARD ARTHUR ULLMAN, individually, is a citizen of New Jersey.  (*Notice of Removal* at ¶ 8.)

(c)    Defendant, RICHARD ARTHUR ULLMAN, as Co-Personal Representative of the Estate, is deemed to be a citizen of Florida.  28 U.S.C. § 1332(c)(2).

(d)    Defendant, KENNETH DOUGLAS ULLMAN, individually, is a citizen of Florida.  (*Notice of Removal* at ¶ 9.)

(e)    Defendant, KENNETH DOUGLAS ULLMAN, as Co-Personal Representative of the Estate, is deemed to be a citizen of Florida. 28 U.S.C. § 1332(c)(2).

(f)    Defendant, JOHN M. MARTYN, ESQUIRE, is a citizen of Florida. (*Notice of Removal* at ¶ 10. )

(g)    Defendant, MARTIN B. O'CONNOR, ESQUIRE, is a citizen of New Jersey.  *Id.* at ¶ 11.

(h)    Nominal Defendant, JENNIFER ULLMAN ROYALL, against whom no claims are asserted, is a citizen of Texas.[1] *Id.* at ¶ 12.

---

[1] JENNIFER ULLMAN ROYALL is named as a defendant in this action only because of her interest as beneficiary of the Estate.  No claims are asserted against her individually.

3.      Because there is a lack of diversity between the Plaintiff and three of the Defendants, who are all citizens of the State of Florida, this court does not have original jurisdiction pursuant to 28 U.S.C. § 1332, and the instant action should be remanded to state court.

4.      Even if diversity of citizenship did exist between Plaintiff and all Defendants, under the "probate exception" to diversity jurisdiction, federal courts do not have subject matter jurisdiction over issues concerning probate property. In the Complaint [DE 2], Plaintiff specifically requests possession of certain estate assets which are the subject of a pending probate proceeding in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (*In re: Estate of Richard O. Ullman*, Case No. 2011-CP-002127-O) (the "State Probate Action"), over which the state courts have exclusive jurisdiction. *See Markham v. Allen*, 326 U.S. 490 (1946); *Rubins v. Noriega*, Case No. 09-60554-CIV, WL 234894 *3 (S.D.Fla. Jan. 19, 2010).

5.      Remand is further warranted because the *Notice of Removal* [DE 1] was filed by a nominal defendant against whom no claims for relief are pending, and who is not a "defendant" under the federal removal statute, 28 U.S.C. § 1441.  *See Armstrong Cover Co. v. Whitfield*, 418 F. Supp. 972, 973-74 (D.C.Ga. 1976).

6.      Finally, even if diversity of citizenship exists between Plaintiff and Defendants sufficient to invoke original jurisdiction pursuant to 28 U.S.C. § 1332, this Court should apply the "forum defendant rule" to bar removal where, as here, properly joined Defendants are citizens of the State of Florida.  28 U.S.C. 1441(b)(2).

## **Background**

7.      Plaintiff's husband, Richard O. Ullman (the "Decedent"), died on September 29, 2011.

8.      A *Petition for Administration* was filed by two of Decedent's three adult children, Defendants, RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN, as Co-Personal Representatives and beneficiaries of the Estate of Richard O. Ullman (the "Estate") in the State Probate Action on October 10, 2011.   In the *Petition for Administration*, RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN assert, under oath, that the Decedent was domiciled in Orange County, Florida on the date of his death, and further assert, under oath, that Petitioner's address is 9912 Lake Louise Drive, Windermere, Florida 34786.  (*Declaration of Terry C. Young, Esq.* ("Young Decl.") at ¶ 4, Ex. A.)

9.      On January 23, 2012, Plaintiff filed a *Petition for Breach of Contract and Reformation of Will* in the State Probate Action.  An amended petition was filed on January 25, 2012.

10.     On March 16, 2012, Plaintiff filed the instant action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, asserting claims against RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN, individually and as Co-Personal Representatives of the Estate, as well as two of their attorneys for tortious interference with expectancy, for conversion, for a declaration of homestead, among other claims.

11.     Plaintiff fully anticipated that the instant action would be transferred to the probate division and consolidated with the State Probate Action pursuant to Section 4(B)(2), *Uniform Administrative Policies and Procedures of the Civil Division of the Circuit Court Orange County, Florida*, and Rule 1.270, *Florida Rules of Civil Procedure*, due to the common questions of law and fact, as well as the fact that the entire gravamen of the *Complaint* [DE 2] is related to the State Probate Action.

12.     On March 19, 2012, counsel for the Plaintiff forwarded via email a courtesy copy of the *Complaint* to Henry Christensen, III, Esquire, counsel of record for Defendants RICHARD ARTHUR ULLMAN, KENNETH DOUGLAS ULLMAN and JENNIFER ULLMAN ROYALL in the State Probate Action.  Counsel for the Plaintiff also sent a courtesy copy of the Complaint to John M. Martyn, Esq., counsel of record for Defendants RICHARD ARTHUR ULLMAN, KENNETH DOUGLAS ULLMAN with a letter asking counsel to advise by March 23, 2012 whether he would accept service on behalf of himself and his clients.  Neither Mr. Christensen nor Mr. Martyn responded.  (Young Decl. at ¶¶ 8-9.)

13.     Instead, on March 21, 2012, Virginia Townes, Esq., Mr. Christensen's local co-counsel, filed a *Limited Notice of Appearance* in the state court on behalf of Defendant, JENNIFER ULLMAN ROYALL, without indicating how the appearance was limited.  (*Id*. at ¶¶ 10-11.) The same day, Ms. Townes filed the *Notice of Removal* [DE 1], asserting that none of the Defendants who are citizens of Florida had been served (*Notice of Removal* ¶¶ 3, 9, 10.)

14.     Five days later, without awaiting formal service, Ms. Townes appeared on behalf of Defendant, KENNETH DOUGLAS ULLMAN, a Florida citizen, and filed *Defendant Kenneth D. Ullman's Answer, Affirmative Defenses and Counterclaims*. [DE 4].

15.     The following day, again without awaiting formal service, Ms. Townes appeared on behalf of RICHARD ARTHUR ULLMAN, a Florida defendant by virtue of his status as Co-Personal Representative of the Estate, and filed a *Motion to Transfer to the Southern District of New York* [DE 8].

## MEMORANDUM OF LAW

16.     Because removal jurisdiction raises significant federalism concerns, it is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir.1999). Any doubt as to proper subject matter jurisdiction should be resolved against removal. *Univ. of S. Ala.,* 168 F.3d at 411.

17.     The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Co., Inc*., 269 F. 3d 1316, 1319 (11th Cir. 2001); *Tapscott v. MS Dealer Service Corp*., 77 F. 3d 1353, 1356 (11th Cir. 1996). When the defendant fails to meet its burden, the case must be remanded. *Williams*, 269 F. 3rd at 1321.

18.     The Eleventh Circuit's procedure allows the district court to determine jurisdictional facts at the time of removal. *Williams*, 269 F. 3d at 1319. The Court may also consider evidence submitted after the Notice of Removal is filed. *Id*.

## Plaintiff Is a Citizen of the State of Florida

19.     The *Notice of Removal* [DE 1] contains several erroneous factual assertions; most notably, the incorrect assertion that Plaintiff is a citizen of New York.

20.     Ms. Royall asserts that she "knows the Plaintiff to be a citizen of New York" based on certain alleged facts: (i) that Plaintiff is currently residing in New York and owns an apartment there; (ii) that Plaintiff's employment is in New York at Gamco Asset Management Company; and (iii) that Plaintiff filed her most recent tax return as a New York resident. (*Notice of Removal* ¶ 7.)

21.     Even taking the aforementioned facts as true, they do not establish by a preponderance of the evidence that Plaintiff is a citizen of New York. For the purposes of establishing federal diversity jurisdiction, state citizenship is synonymous with domicile. *Deckers v. Kenneth W. Rose, Inc.*, 592 F.Supp. 25, 27 (M.D. Fla. 1984).  "In the context of establishing citizenship for diversity purposes under 28 U.S.C. § 1332, a 'domicile' is defined as the place where a person takes up residence with the intention to remain in that place." *Gonzalez ex rel. Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1183-84 (S.D.Fla. 2000).  The facts alleged by Ms. Royall in support of removal do not in any way establish that Plaintiff's domicile is the State of New York.

22.     First, Ms. Royall's assertion that Plaintiff is a citizen of New York is contradicted by the *Petition for Administration* filed in the State Probate Action on October 10, 2011, in which Ms. Royall's brothers, Defendants RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN declare, under oath, that the Decedent was domiciled in Orange County, Florida and that Plaintiff's residence is at 9912 Lake Louise Drive, Windermere, Florida.  (Young Decl. at ¶ 4.)

23.     As set forth in the *Declaration of Barbara G. Ullman*, and the exhibits thereto, Plaintiff has been domiciled in Florida since 2008, residing at 9912 Lake Louise Drive, Windermere, Florida, with the intent to remain there indefinitely.  Plaintiff's statement of Florida domicile is further supported by the *Declaration of Ferdinand Brits* and the *Declaration of Kelli A. Skorman*.

24.     While Plaintiff owns an apartment in New York, she is not presently residing there, and has not resided there since 2006.  (B. Ullman Decl. at ¶¶ 4-6.)  The only reason Plaintiff has been staying in New York since the death of her husband in September is because she has been locked out of her home in Florida due to the wrongful conduct of Defendants, which conduct is the subject of this lawsuit.  (B. Ullman Decl. at ¶¶ 19-22; Skorman Decl. at ¶ 9.)

25.     Ms. Royall's assertion that Plaintiff's employment is in New York is misleading.  While Plaintiff works for GAMCO Asset Management, Inc. ("GAMCO"), which is based in Rye, New York, Plaintiff is not required to be present in New York to perform her job duties.  (B. Ullman Decl. at ¶ 7; *Declaration of Regina Pitaro* ("Pitaro Decl." at ¶ 5-7.)  In fact, Plaintiff has routinely worked for GAMCO from her Florida home since at least 2008.  (B. Ullman Decl. at ¶¶ 7-8; Pitaro Decl. at ¶ 7.)

26.     Ms. Royall's allegation that Plaintiff has filed her most-recent tax return as a New York resident is also not determinative.  Plaintiff filed a return in New York at the suggestion of her husband in an abundance of caution since her income was earned from a New York-based company.  (B. Ullman Decl. at ¶ 12.)  The Seventh Circuit Court of Appeals has conclusively held that a party's declaration of citizenship for tax purposes is not

0025980\154722\1436103v1

- 8 -

indicative of domicile. *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991).  Instead, when determining domicile of a person who has residences in two states, courts may look to the "center of gravity" of the party's manner or style of life.  *Id.  See also Jones v. Law Firm of Hill and Ponton*, 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001) ("The objective facts bearing on an individual's 'entire course of conduct' determine domicile for diversity jurisdiction purposes. [Citation omitted.]  No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'")

27.     In contrast to the sparse allegations contained in the *Notice of Removal* [DE 1], the *Petition for Administration*, and the Declarations of Barbara G. Ullman, Ferdinand Brits and Kelli A. Skorman conclusively establish that Windermere, Florida was and is the "center of gravity" of the Plaintiff's life from 2008 to the present.  (*See, generally*, B. Ullman Decl.; *see also* Brits Decl. at ¶ 5, Skorman Decl. at ¶¶ 5-10.)

## A Lack of Diversity Between the Parties Deprives This Court of Subject Matter Jurisdiction and Requires Remand

28.     As disclosed at paragraph 2, *supra*, and further discussed in paragraphs 19 through 27, *supra*, Plaintiff, BARBARA G. ULLMAN, and three of the Defendants, RICHARD ARTHUR ULLMAN, as Co-Personal Representative of the Estate of Richard O. Ullman, KENNETH DOUGLAS ULLMAN, individually, and as Co-Personal Representative of the Estate of Richard O. Ullman, and JOHN M. MARTYN, ESQUIRE are all citizens of the State of Florida.

29.     Federal jurisdiction pursuant to 28 U.S.C. §1332 exists only when there is complete diversity between Plaintiffs and Defendants.  *Owen Equipment & Erection Co. v.*

*Kroger*, 437 U.S. 365, 373 (1978).  In order to achieve "complete diversity" no party Plaintiff may be a citizen of the same state as any of the Defendants.  *Id.*

30.     The evidence submitted by Plaintiff conclusively establishes that there is no diversity of citizenship between the parties.  Defendant has not met and cannot meet her burden of proving by a preponderance of the evidence that federal jurisdiction exists.  Where, as here, there is a fundamental absence of diversity among the parties and this court lacks subject matter jurisdiction, remand is required.   *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir.2007); *In re Accutane Products Liability*, Case Nos. 8:04–MD–2523–T–30TBM, 8:11–CV–2356–T–30TBM, 2012 WL 181282 *1 (M.D.Fla. Jan. 17, 2012).

31.     If the evidence submitted by Plaintiff herewith only serves to raise **a doubt** concerning jurisdiction, this Court is required to resolve such doubts in favor of remand.  *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir.1999).

### Federal Courts Do Not Have Diversity Jurisdiction Over Matters Affecting State Probate Proceedings and Estate Property

32.     Notwithstanding the lack of diversity, Plaintiff's *Complaint* [DE 2] asserts causes of action that directly impact the State Probate Action (including Count IV for Reformation of Will) and seeks relief that requires the Court to have jurisdiction over Estate property, including, but not limited to: (a) a constructive trust over Decedent's shares of stock of Benecard Services, Inc. (Counts I & II); (b) fee simple ownership of the Decedent's Windermere, Florida home and exclusive use of Decedent's New York apartment (Count III); and (c) distribution of the sum $3,000,000.00 to be paid from Estate assets (Count IX).

33.     Even if diversity of citizenship existed in this case, federal courts generally do not have diversity jurisdiction over matters affecting state probate proceedings.  *Michigan*

*Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 739 (11th Cir. 1982).  In *Markham v. Allen*, 326 U.S. 490, 494 (1946), the U.S. Supreme Court articulated the "probate exception" to diversity jurisdiction:   While federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees, and heirs, to establish their claims, federal courts **may not** "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."  *Id*. at 494 (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909)).

34.   As the Fifth Circuit Court of Appeals stated in *Turton v. Turton*, 644 F.2d 344, 347-48 (5th Cir. 1981), while a creditor may obtain a federal judgment stating that he has a valid claim against an estate, **a federal court may not order payment of a creditor's claim from the estate** "because that would be an assumption of control over property under probate."  *Id*. at 347.  Citing *Markham* and *Waterman*, the *Turton* court explained:

> This is no baseless formalism; on the contrary, it is compelled by the same considerations of fairness to all claimants that require that a probate court obtain exclusive jurisdiction over the estate in the first place. It may turn out that, after actual liquidation of assets, the estate comes to less than the federal court's estimate; it may even be insufficient to pay all debts in full. The federal claimant cannot deprive competing claimants of their just due by obtaining a premature distribution or valuation of estate assets from the federal court.

*Id*.

35.   Full adjudication of the Plaintiff's claims in this action would require the trial court to take control of the Estate property—specifically that property described in paragraph 32—which is under the exclusive jurisdiction of the state court in the State Probate Action.

Accordingly, under the authority of *Markham*, *Waterman*, and *Turton*, the federal court may not exercise diversity jurisdiction over this action, and remand is required.

36.     It is worth noting that the removal of this action to federal court is merely the first step in Defendants' plan to move these proceedings to New York.  Defendant RICHARD ARTHUR ULLMAN filed his *Motion to Transfer to the Southern District of New York* [DE 8] five days after this case was removed.

37.     The removal and requested venue transfer are highly specious in light of the fact that Defendants were the procurers of the Last Will and Testament of Richard O. Ullman dated September 23, 2011 (the "Will") which recites that Richard O. Ullman was a resident of Orange County, Florida, makes numerous references to Florida law, and contemplates that such the Will is to be probated in Orange County, Florida. (*See Complaint* ¶¶ 32-40.)  Indeed, Defendants chose to probate the Will specifically in the Circuit Court of the Ninth Judicial Circuit Court in and for Orange County, Florida with the expectation that all issues would be resolved in probate proceedings.  Defendants now seek to remove Plaintiff's probate claim and transfer venue to a New York venue after purposefully failing to avail themselves of probate and administration in the State of New York pursuant to Section 3-5.1(h) of the Estates, Powers and Trust Law of the State of New York.

### Nominal Defendants, Who Are Mere Stakeholders in the Litigation Are Prohibited From Removing an Action

38.     Remand is further warranted because the Notice of Removal was filed by Defendant, JENNIFER ULLMAN ROYALL, who is merely a nominal defendant, against whom no claims are made.  It is clear from the *Complaint* [DE 2] that Ms. Royall is named as

a defendant based only upon her status as a beneficiary under the Decedent's Will to facilitate recovery.

39.     Binding upon this Court is a Fifth Circuit Court of Appeals decision that states, "The test of whether or not a named defendant is a nominal party is if 'his role in the lawsuit is that of a depository or stakeholder.'"  *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Intern. Printing Pressmen and Assistants' Union of North America*, 427 F.2d 325, 327 (5th Cir. 1970).  This District has further defined a "nominal defendant" as one who has no ownership interest in the property that is the subject of the litigation but may be joined in the lawsuit to aid in the recovery of relief.  *S.E.C. v. Founding Partners Capital Management*, 639 F.Supp.2d 1291, 1293 (M.D.Fla. 2009).

40.     Other District Courts in this Circuit, citing the *Tri-Cities* decision, have held that a nominal defendant who is a mere stakeholder in the litigation is not a "defendant" entitled to removal pursuant to 28 U.S.C. § 1441.  *Armstrong Cover Co. v. Whitfield*, 418 F.Supp. 972, 973-74 (N.D.Ga. 1976).  The designation of a party as a "defendant" is not dispositive.  Instead, the court must look beyond the pleadings and examine the petitioning party's real interest in the dispute.  *Id*. at 973.

41.     It is plain from the *Complaint* [DE 2] and the lack of any claims asserted against her that Ms. Royall has been named only as a stakeholder in the Estate joined to aid in the recovery of relief.  Thus, Ms. Royall is not a "defendant" entitled to removal under 28 U.S.C. § 1441 and remand is required.

<u>**Remand Is Required Because Multiple Defendants are Citizens of the State of Florida**</u>

42.     Finally, 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule," provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed** if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

43.     Ms. Royall purports to evade the purview of § 1441(b)(2) by relying on the fact that the Florida defendants have not yet been served.  (*Notice of Removal* at ¶¶ 3, 9, 10.)

44.     Ms. Royall, without explanation, cites this Court's decision in *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009), presumably in support of the proposition that removal is allowed where there are forum defendants, so long as they have not been served.

45.     In *North*, Judge Presnell was faced with a motion to remand that asserted, among other things, that removal was improper under the forum defendant rule because certain defendants were citizens of Florida.  600 F. Supp. 2d at 1264.  The plaintiff effectively conceded that no attempt at service had been made.  *Id*. at 1267 n.3.  The Court noted the broad split of authority among the federal circuits on the proper application of the forum defendant rule, and elected to align with those courts who rely on the unambiguous text of the statute, rather than those that rely on legislative history.  *Id*. at 1269.  The Court was seemingly persuaded by the fact that the Southern District of Florida had followed the plain-text approach:  "The majority of courts, including the Southern District of Florida, have concluded that a non-forum defendant may remove despite the fact that the plaintiff has

joined, but not yet served a forum defendant." *Id.* at 1268 (citing *Valerio v. SmithKline Beecham Corp.*, Case No. 08-60522-CIV, 2008 WL 3286976 (S.D.Fla. Aug. 7, 2008) and *Masterson v. Apotex Corp.*, Case No. 07-61665-CIV, 2008 WL 2047979 (S.D.Fla. May 13, 2008) (other citations omitted)).

46.     However, since *North* was decided, the Southern District has taken the alternate view of the forum defendant rule.  In *Nasco vs. Hertz Corporation*, Case No. 09-20889-CIV, 2010 WL 309033 (S.D. Fla. Jan. 25, 2010), the court imposed attorneys' fees against a defendant who had attempted to remove a case involving an un-served forum defendant.  Despite the lack of service on the forum defendant, the court found no basis in law for the attempted removal.  "'[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.'" *Id.* at *3. (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)).

47.     Moreover, eight months after the *North* decision, the 11th Circuit expressed the view that "[w]hen a defendant removes an action to federal court based on diversity of citizenship and the plaintiff and any defendant are citizens of the state in which the action has been filed, a district court is required to remand the action unless a party has been fraudulently joined." *Dumas v. ACCC Ins. Co.*, Case No. 09-13027, WL 3358479 at *2 (11th Cir. Oct. 20, 2009).  *Dumas* was cited by the Southern District in *Nasco*, 2010 WL 309033 at *3.

48.     Since this Court's decision in *North*, it appears that the forum defendant rule is continuing to be developed in the 11th Circuit, and service on the forum defendant is not necessarily required for the rule to apply.

49.     It should be noted that Plaintiff's counsel, in the interest of avoiding unnecessary expense—an interest embraced by Federal Rule of Civil Procedure 4(b)(1)—sent a courtesy copy of the *Complaint* [DE 2] to Henry Christensen, III, Esq. and to John M. Martyn, Esq., counsel of record for the Defendants in the State Probate Action.  Plaintiff's counsel specifically asked Mr. Martin to advise by March 23, 2012 whether he was authorized to accept service on behalf of himself and his clients.  (Young Decl. at ¶¶ 8-9.)

50.     Rather than responding to the correspondence as requested (*Id*. at ¶ 10), Mr. Christensen' co-counsel in the State Probate Action, Virginia Townes, Esq., promptly filed the *Notice of Removal* [DE 1] on behalf of Ms. Royall, a nominal defendant, and relied upon the lack of formal service of her forum-defendant clients, RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN, and forum defendant, JOHN M. MARTYN, ESQ. as a basis for removal.  (*Notice of Removal* at ¶ 9.)

51.     Tellingly, five days later, with formal service yet to be made, Attorney Townes appeared and filed on behalf of forum defendant KENNETH DOUGLAS ULLMAN his *Answer, Affirmative Defenses and Counterclaims*. [DE 4].

52.     The following day, again without formal service being made, Attorney Townes appeared on behalf of RICHARD ARTHUR ULLMAN, a Florida defendant by virtue of his status as Co-Personal Representative of the Estate, and filed a *Motion to Transfer to the Southern District of New York* [DE 8].

53.     The pleadings filed on behalf of forum defendants, RICHARD ARTHUR ULLMAN and KENNETH DOUGLAS ULLMAN, within a week after their attorneys

received the *Complaint* arguably reveal that Mr. Christensen, Ms. Townes, and Mr. Martyn were authorized to, and, in fact, did accept service on behalf of their clients.

54.     An attorney may accept service on behalf of a client, either expressly or impliedly, and doing so will subject his or her client to the personal jurisdiction of the court. *See Christensson v. Hogdal*, 199 F.2d 402 (D.C.Cir. 1952).

55.     "'Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court.' *O'Meara v. Waters,* 464 F.Supp.2d 474, 476 (D.Md. 2006)(citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). 'When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.' *Id.*" *Mallard v. MV Transp., Inc.*, 2012 WL 642496 (No. DKC 11-2997)(D. Md. Feb. 27, 2012).

56.     Plaintiff respectfully suggests to this Court that, in light of the developing case law in this Circuit, as well as the record in this case which points to the effective service of a forum defendant through actual notice, the forum defendant rule should be applied and this case remanded to state court.

WHEREFORE, Plaintiff, BARBARA G. ULLMAN, respectfully requests that this Court enter an Order: (1) remanding this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida; (2) awarding Plaintiff her costs and expenses, including attorney's fees, incurred by Plaintiff as a result of the removal of this case; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Terry C. Young
**TERRY C. YOUNG, ESQUIRE**
Florida Bar  No. 222364
**LINDA C. HANKINS, ESQUIRE**
Florida Bar No. 0516430
LOWNDES, DROSDICK, DOSTER, KANTOR
& REED, P.A.
P.O. Box 2809
Orlando, Florida 32802-2809
Phone:  407-843-4600
Fax:  407-843-4444
*Attorneys for Plaintiff, Barbara G. Ullman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April  9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF filing system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

John M. Martyn, Esquire
Daversa and Martyn, P.A.
Suite 202, Tequesta Financial Center
218 South U.S. Highway One
Tequesta, Florida  33469

Martin B. O'Connor, II, Esquire
O'Connor, Morss & O'Connor
P.O. Box 979
Elizabeth, New Jersey  07203

/s/ Terry C. Young
**Terry C. Young**